P* NOV 1 8 2011
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

James F. McMillan,                   )
                                     )
            Petitioner,              )
                                     )
        v.                           )        Civil Action No.    .  ;U2(
                                     )
United States of America,            )
                                     )
            Respondent.              )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on the petitioner's application for a writ of

*habeas corpus,* accompanied by an application to proceed *in forma pauperis*.  The Court will

grant the application to proceed *in forma pauperis* and will dismiss the case for lack of

jurisdiction.

The petitioner is a prisoner at the United States Penitentiary McCreary in Pine Knot,

Kentucky.  He challenges the sufficiency of the evidence supporting his sodomy conviction

entered by the Superior Court of the District of Columbia.  *See* Petition for Writ of Habeas

Corpus by a Person in Custody in the District of Columbia at 2, 5-6.

It is established that challenges to a Superior Court judgment of conviction must be

pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43

(D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a

showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no

recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986),

*cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted).  Under  District of Columbia law,

[an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to

apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g). The petitioner has not shown that his local remedy is inadequate to

address his claims. Therefore, this Court lacks jurisdiction over the instant petition. A separate

Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: November ___, 2011

2